|  |  |
|---|---|
| **JACKSON MENDE, on behalf of himself and all others similarly situated,** | Case No. 2:17-cv-286 |
| **Plaintiff,** | |
| -against- | |
| **WILDCAT INVESTMENTS, LLC; WILDCAT INVESTMENTS OF CENTRAL OHIO, LLC; and WILDCAT INVESTMENTS OF CINCINNATI, LLC** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Plaintiff Jackson Mende, individually and on behalf of all others similarly situated, through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40 hours in any workweek at any Jimmy John's store owned by Defendants in the United States between April 12, 2014, and the date of judgment in this matter, who elect to opt into this action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective").

2.     This action also seek to recover unpaid overtime compensation under the Ohio Minimum Wage Act, O.R.C. § 4111.01 *et seq.* ("OMWA"), for Plaintiff and other current and former ASMs, who worked more than 40 hours in any workweek at any Jimmy John's store

owned by Defendants in the state of Ohio between April 12, 2015, and the date of judgment in this matter, pursuant to Fed. R. Civ. P. 23 ("Ohio Class").

## THE PARTIES

3.      Plaintiff Jackson Mende ("Plaintiff") is a resident of Grove City, Ohio.

4.      Defendants Wildcat Investments, LLC, Wildcat Investments of Central Ohio, LLC, and Wildcat Investments of Cincinnati, LLC, are Illinois companies who regularly transact business in Ohio.

5.      Defendants jointly own and operate multiple Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

6.      Plaintiff worked for Defendants as an ASM from approximately until July 2015 at a store owned by Defendants in the greater Columbus area.

7.      Plaintiff is a covered employee under the FLSA.

8.      Defendants were Plaintiff's employer under the FLSA.

## JURISDICTION & VENUE

9.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.      Venue is proper in this Court because Defendants conduct business in this district and a substantial part of the events giving rise to the claims occurred in this district.

11.      Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

12.      Defendants employed Plaintiff, FLSA Collective and Ohio Class members as ASMs.

13.     Defendants maintained control, oversight, and discretion over the operation of all of its restaurants, including its employment practices with respect to the ASMs.

14.     Plaintiff's and the ASMs' work was performed in the normal course of Defendant's business and was integrated into it.

15.     Consistent with the Defendants' policy, pattern and/or practice, Plaintiff and ASMs regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and/or the OMWA. Plaintiff worked an average of 55 hours per workweek. Plaintiff sometimes worked 65-70 hours per workweek.

16.     All of the work that the ASMs performed was assigned by Defendants, and/or Defendants were aware of all of the work that they have performed.

17.     The work that ASMs performed as part of their primary duty required little skill and no capital investment.

18.     The work that ASMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

19.     Regardless of the store at which they worked, ASMs' primary job duties included:

    a.      preparing food;
    b.      helping customers;
    c.      bussing tables;
    d.      cleaning the restaurant;
    e.      checking to make sure that supplies were properly shelved; and
    f.      checking inventory.

20.     Regardless of the store at which they worked, ASMs' primary job duties did not include:

    a.      hiring;
    b.      firing;
    c.      disciplining other employees;
    d.      scheduling;
    e.      supervising and delegating; or

    f.  exercising meaningful independent judgment and discretion.

21. ASMs' primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

22. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants had classified all ASMs as exempt from coverage of the overtime provisions of the FLSA.

23. Upon information and belief, Defendants did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA and/or OMWA.

24. Defendants' unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and/or OMWA. Defendants knew that ASMs were not performing activities that complied with any FLSA or OMWA exemption and, inasmuch as Defendants' close affiliation with substantial corporate entities make it aware of its obligations under the FLSA or OMWA, it acted willfully or recklessly in failing to classify Plaintiff and other ASMs as non-exempt employees.

25. Defendants were aware or should have been aware, through their management-level employees, that ASMs were primarily performing non-exempt duties. Defendants knew or recklessly disregarded the fact that the FLSA or OMWA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

26.     Accordingly, Defendants' unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA or OMWA.

27.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA or OMWA with respect to ASMs. This policy and pattern or practice includes but it is not limited to:

a.      willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

b.      willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week; and

c.      willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform such non-exempt tasks.

28.     Defendants' willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as ASMs at any time from three years from April 12, 2014, to the entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

30.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

31.    There are many similarly-situated current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

32.    The similarly situated employees are known to Defendants, are readily-identifiable and can be located through Defendants' records.

## OHIO CLASS ACTION ALLEGATIONS

33.    Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to prosecute his OMWA claims as a class action on behalf of all persons who are or were formerly employed by Defendants as ASMs at any time from two years from April 12, 2015, to the entry of judgment in this case (the "Class Action Period") (collectively, the "Ohio Class Action Members").

34.    The persons in the Ohio Class are so numerous that their joinder is impracticable.

35.    There are questions of law and fact common to the Ohio Class and such questions predominate over questions solely affecting individual members of the Class. For example, whether Defendant has misclassified ASMs as exempt from the overtime provisions of the OMWA.

36. Plaintiff's claims are typical of the claims of the Ohio Class and he is an adequate representative to fairly prosecute the interests of the Class, and has retained competent counsel to advance the interests of the Class.

37. A class action in superior to other methods of adjudicating the OMWA misclassification claims set forth in this case.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

38. At all relevant times, Defendants have been, and continues to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff, and employed or continue to employ each of the Collective Action Members, within the meaning of the FLSA.

40. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in Collective Action Complaint.

41. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

43. At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to its ASMs and similarly-situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

44. As a result of Defendants' willful failure to compensate its employees, including

Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.     As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

47.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members was manual labor and included other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its

conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

48.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

49.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## FIRST CAUSE OF ACTION
### Ohio Minimum Wage Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the Ohio Class

50.     At all relevant times, Plaintiff and the Ohio Class Members were employees of Defendant, and Defendant was an employer within the meaning of the OMWA.

51.     Defendant misclassified Plaintiff and Ohio Class Members as exempt from the overtime provisions of the OMWA and failed to pay them overtime for hours worked in excess of 40 in a workweek.

52.     Plaintiff and Ohio Class Members consistently worked more than 40 hours in a workweek without being paid overtime compensation.

53.     Plaintiff and Ohio Class Members are entitled to unpaid overtime under the OMWA as well as all other relief provided by law.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks the following relief on behalf of himself and all others similarly-situated:

A.   Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B.   Certification of this action as a class action on behalf of Ohio Class Members and prompt issuance of a notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

C.   An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and/or OMWA, using the following methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

D.   Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

E.   An injunction requiring Defendants to cease their unlawful practices;

F.   An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

G.   An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

H.   An award of prejudgment and post-judgment interest;

I.   An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiff; and

J.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Drew Legando

Drew Legando
**Landskroner Grieco Merriman LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com

Seth R. Lesser
**Klafter Olsen & Lesser LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573
T. (914) 934-9200
F. (914) 934-9220
E. seth@klafterolsen.com

Justin M. Swartz
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
T. (212) 245-1000
F. (212) 977-4005
E. jms@outtengolden.com

*Counsel for Plaintiff*