# SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Agreement**") is entered into this ___ day of April, 2020 (the "**Effective Date**"), by and between Named Plaintiff Jackson Mende ("**Named Plaintiff**" or "**Mende**") and any subsequent plaintiffs who opt into the Litigation (defined below) (the "**Opt-In Plaintiffs**"), (together with each of their administrators, agents, permitted assigns and executors, collectively referred to hereafter as "**Plaintiffs**"), on one hand, and Defendants Wildcat Investments, LLC, Wildcat Investments of Cincinnati, LLC, and Wildcat Investments of Central Ohio, LLC (collectively, "**Defendants**"), on the other hand.

WHEREAS, Plaintiffs worked at various times as assistant managers for Defendants at their Jimmy John's branded locations in Ohio and Indiana;

WHEREAS, Mende filed a collective and class action complaint entitled *Mende v. Wildcat Investments, LLC et al.*, in the United States District Court, Southern Division of Ohio, Case No. 2:17-cv-00286; in which he alleged one cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "**FLSA**") and another cause of action under the Ohio Minimum Wage Act, O.R.C. § 4111.01 et seq. (the "**OMWA**") and asserted, on behalf of himself and other allegedly similarly situated employees, that assistant managers employed by Defendants were entitled to overtime pay and liquidated damages (the "**Litigation**");

WHEREAS, on December 19, 2019, the Court entered the parties' Joint Stipulation and Order regarding conditional certification of an FLSA collective action, for the purpose of sending notice to putative collective action members;

WHEREAS, Plaintiffs have agreed to settle the Litigation and release their claims against the Released Parties, as defined in Section 2 of this Agreement, whether alleged or not alleged in the Litigation, and whether known or unknown; and

WHEREAS, Defendants deny all liability to Plaintiffs, but, to avoid further expense and uncertainty, agree to enter into this Agreement with Plaintiffs;

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which are acknowledged, the undersigned agree as follows:

1. Settlement Amount.

    1.1 In consideration of this Agreement, and in full and final settlement of any and all claims which were or could have been made by Plaintiffs in the Litigation, Defendants shall pay Plaintiffs and their attorneys, Merriman Legando Williams & Klang, LLC ("**Plaintiffs' Counsel**"), the total gross amount of Thirty-Nine Thousand Dollars and Zero Cents ($**39,000.00**) (the "**Settlement Amount**").  Defendants shall not have any other liability or payment owing to any of Plaintiffs or Plaintiffs' Counsel apart from the Settlement Amount.  The Settlement Amount shall not be affected by the final number of Opt-In Plaintiffs who join this Agreement following notice.  Plaintiffs and Plaintiffs' Counsel shall be solely responsible for dispersing the Settlement Amount and determining the appropriate amounts payable pro rata to Mende, Opt-In Plaintiffs, and Plaintiffs' Counsel.

   1.2 The Settlement Amount shall be paid in eight (8) installments according to the following schedule:

| Installment # | Total | Due Date |
|---|---|---|
| 1 | $3,250 | May 1, 2020 |
| 2 | $3,250 | June 1, 2020 |
| 3 | $3,250 | July 1, 2020 |
| 4 | $3,250 | August 1, 2020 |
| 5 | $3,250 | September 1, 2020 |
| 6 | $3,250 | October 1, 2020 |
| 7 | $3,250 | November 1, 2020 |
| 8 | $16,250 | December 1, 2020 |
| **Total** | **$39,000** | |

   1.3 All settlement checks shall be sent to Merriman Legando Williams & Klang, LLC, 1360 West 9th Street, Suite 200, Cleveland, Ohio 44113, by way of U.S. First Class Mail, FedEx, or UPS delivery service, in each case with tracking and delivery confirmation. For an installment payment to be considered timely, it must be postmarked on or before the date it is due.

   1.4 Payments made to Plaintiffs in the last two installments shall be for all alleged back wages, shall be subject to all applicable income taxes and other withholdings, and shall be reported by Defendants to Plaintiffs on IRS W-2 Tax Forms. All other installment payments to Plaintiffs shall be for all alleged liquidated damages, penalties, attorneys' fees, costs, interest, and all other amounts alleged and sought by Plaintiffs in the Litigation, and shall be reported to Plaintiffs on IRS 1099 Tax Forms. Defendants shall issue IRS 1099 tax forms to Plaintiffs' Counsel in connection with such payments, and Plaintiffs' Counsel shall furnish Defendants with the necessary W-9 Forms.

   1.5 Plaintiffs shall be solely responsible for any and all income, employment, and other taxes, penalties, interest and others costs relating to the payment of the Settlement Amount; provided, however, that Defendants shall be responsible for the employer share of federal

and state taxes due on the last two installment payments. Apart from the employer share paid by Defendants, Plaintiffs shall hold harmless, indemnify, and defend Defendants for any assessments, fines, penalties, claims, or disputes relating to any tax or other issues relating to the Settlement Amount. Plaintiffs acknowledge and understand that the Defendants do not make any representation concerning the tax consequences that may arise from payments of the Settlement Amount.

       1.6    Following entry of the order dismissing the Litigation, Defendants will instruct its attorneys to execute and approve of a Consent Judgment, substantially similar to the form Consent Judgment attached as **Exhibit A** to this Agreement, which shall be held by Plaintiffs' Counsel and filed with the Court in the Litigation only after each of the following has occurred: (a) Defendants fail to make a timely installment payment, as set forth in Section 1.2, above; (b) Plaintiffs' Counsel notifies Defendants' legal counsel of this failure via email at both mdisbrow@honigman.com and ckazanowski@honigman.com; and (c) Defendants fail to cure the failure to make an installment payment within five (5) business days after Plaintiffs' Counsels' notice of such failure. In the event that Plaintiffs' Counsel files for entry of the Consent Judgment in accordance with this Section 1.6, Plaintiffs shall be entitled to satisfy the judgment by seeking to collect only the portion of the Settlement Amount remaining unpaid as of the date of entry of the Consent Judgment. Should Defendants pay the Settlement Amount in full and in accordance with the schedule set forth in Section 1.2, Plaintiffs' Counsel' shall return the signed Consent Judgment to Defendant's legal counsel, without keeping any copy thereof, or notify Defendants' legal counsel in writing that the signed Consent Judgment has been destroyed and no signed copy exists in Plaintiffs' or Plaintiffs' Counsels' possession, custody, or control.

       1.7    Plaintiffs' Counsel will not be deemed to have earned their fee until the last installment payment is made.

2. Release.

       2.1    For and in consideration of the above, Named Plaintiff releases Defendants, any and all direct or indirect parents or subsidiaries of Defendants, any and all affiliates of Defendants, and any of its or their direct or indirect owners and present and former directors, officers, shareholders, members, managers, agents, representatives, employees, successors, and assigns (the "**Released Parties**"), from any and all liability relating to all Named Plaintiff Claims and Rights as defined in this Section 2.3 of this Agreement. Named Plaintiff will not pursue or allege any Named Plaintiff Claims and Rights against any of the Released Parties in violation of this Agreement. For and in consideration of the above, Opt-In Plaintiffs each release the Released Parties from any and all liability relating to all Opt-In Plaintiff Claims and Rights as defined in Section 2.4 of this Agreement. Opt-In Plaintiffs will not pursue or allege any Opt-In Plaintiff Claims and Rights against the Released Parties in violation of this Agreement.

       2.2    Plaintiffs understand and agree that each of them are surrendering and releasing any and all rights they may have to sue any of the Released Parties related, in any way, to their employment with Defendants or the termination of such employment. Plaintiffs' release of their respective Claims and Rights is an essential and material term of this Agreement and without such release Defendants would not have agreed to the terms of this Agreement.

2.3     For purposes of this Agreement, the term "**Named Plaintiff Claims and Rights**" means all manner of action and causes of action, charges, claims, complaints, demands, liabilities, losses, damages, costs and expenses (including, related attorneys' fees) of any kind whatsoever, known or unknown, suspected or unsuspected, that Named Plaintiff may now have or has ever had against any of the Released Parties by reason of any act, omission, transaction, or event occurring up to and including the Effective Date, including any manner of action or causes of action, charges, claims, complaints, demands, liabilities, losses, damages, costs or expenses relating to Named Plaintiff's employment with any of the Released Parties or the termination thereof.  To the extent permitted by law, "Named Plaintiff Claims and Rights" include, without limitation, any wrongful discharge claim, any claim relating to any contract, whether express or implied, any claim for or relating to wages, compensation, bonuses, any retirement or 401(k) plan administered by Defendants or the management thereof, any claim for defamation, invasion of privacy, misrepresentation, fraud, infliction of emotional distress, any claim of breach of covenant of good faith and fair dealing, or any other claim relating in any way to Named Plaintiff's employment relationship with any of the Released Parties.  "Named Plaintiff Claims and Rights" also include, without limitation, any claims based on the FLSA, OMWA, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, Family and Medical Leave Act, Employee Retirement Income Security Act, Rehabilitation Act of 1973, Older Workers Benefit Protection Act, Americans with Disabilities Act, Consolidated Omnibus Budget Reconciliation Act, Uniformed Services Employment and Reemployment Rights Act, Genetic Information Nondiscrimination Act, and any other applicable federal, state, or local laws, ordinances and regulations, including those relating to wages, compensation, benefits, discrimination, harassment, and retaliation.  The term "Named Plaintiff Claims and Rights," and this waiver and release, further include all claims that were or could have been asserted in the Litigation.

2.4     For purposes of this Agreement, the term "**Opt-In Plaintiff Claims and Rights**" means any and all wage-and-hour-related claims, rights, demands, and liabilities of any kind, including, without limitation, all causes of action arising under the FLSA, OMWA, and any similar or related federal, state, or local laws, statutes, regulations, or ordinances.

3.     <u>No Current Claims</u>.  Other than the Litigation, Plaintiffs each represent and warrant that they have not filed any complaints, claims, or actions against any of the Released Parties with any federal, state or local court or governmental agency, or any demands for arbitration.  Plaintiffs further agree not to bring, continue, or maintain any claim or legal proceeding against any of the Released Parties before any court, governmental agency, or other forum by reason of any matters hereby released.  If any court, governmental agency, or other forum already has or assumes jurisdiction of any complaint, claim, action or demand for arbitration, against any of the Released Parties, Plaintiffs will immediately direct that court, governmental agency, or other forum to dismiss the matter with prejudice.  Plaintiffs further agree that should any complaints, claims, actions, or demands for arbitration be filed hereafter on any of their behalves by any federal, state or local agency or by any other person or entity, Plaintiffs will immediately withdraw with prejudice, or cause to be withdrawn with prejudice, or dismiss with prejudice, or cause to be dismissed with prejudice, any such complaints, claims, actions, or demands for arbitration filed against any of the Released Parties.  Plaintiffs each agree not to authorize any other person or entity, including any governmental agency, to seek individual remedies for Plaintiffs against the Released Parties through administrative or legal proceedings.

4. <u>Dismissal of Litigation</u>. Plaintiffs agree to dismiss all of their claims brought against Defendants in the Litigation, and shall work with Defendants to obtain approval of this Agreement by the Court, through motion practice or other means as directed by the Court, and shall obtain a dismissal of the Litigation in its entirety, with prejudice and without any award of damages, fees, costs, or any other expenses not expressly set forth in this Agreement as part of the Settlement Amount.

5. <u>Covenant Not to Sue</u>. To the fullest extent permitted by law, except for the filing of lawsuits to enforce the terms of this Agreement, Plaintiffs shall not pursue or allege any Named Plaintiff Claims and Rights or Opt-In Plaintiff Claims and Rights against any of the Released Parties. Plaintiffs further agree to opt-out of any class or collective action filed against any of the Released Parties. Plaintiffs shall receive no relief of any type (monetary, equitable, or otherwise) with respect to any such charge, claim, or cause of action.

6. <u>Confidentiality</u>. The Parties shall keep all negotiations concerning, and the contents of, this Agreement strictly confidential. Regardless of the whether this Agreement is filed with the Court, the parties agree that, except as provided herein, Plaintiffs shall not disclose, discuss, reveal, communicate, publicize, or cause to be publicized or otherwise reveal this Agreement or any aspect of its terms, negotiation, execution, or implementation, to any other person, entity, or organization. If the parties receive any inquiry about this Agreement or the Litigation, they shall state only that "the matter is resolved" and provide no other information, comment, or opinion. Notwithstanding the above, the parties are permitted to make any disclosures required by court order or subpoena and the parties are further permitted to disclose the terms of this Agreement to their spouse (if applicable), governmental tax agencies, tax or financial advisors or attorneys, or as may be required in response to a court order or subpoena. To the extent the parties reveal the existence or the terms of this Agreement pursuant to this <u>Section 6</u>, they will advise such recipients that they must not divulge the terms of this Agreement and that the terms are considered confidential.

7. <u>Adequacy of Consideration</u>. Plaintiffs each acknowledge the Settlement Amount includes an amount that represents full value of the payment for any alleged back wages, liquidated damages, attorneys' fees, expenses, and costs that they claimed were owed under the FLSA, OMWA or otherwise in the Litigation, as well as an additional amount that is in excess of any wages or benefits due and owing to Plaintiffs. Plaintiffs agree that the consideration in this Agreement is adequate for the release of all Named Plaintiff Claims and Rights and Opt-In Plaintiff Claims and Rights set forth in this Agreement and represents a reasonable compromise of claims in the Litigation. Plaintiffs represent that apart from the Settlement Amount, they have been paid all wages, salary, bonus, and other compensation to which they are entitled.

8. <u>Non-Admission of Liability</u>. This Agreement is not and shall not be construed as an admission of any wrongdoing, and Defendants deny all liability. The parties have entered into this Agreement for the sole purpose of resolving the Litigation and to avoid the burden, expense, and uncertainties of further litigation.

9. <u>Scope of Release</u>. Nothing in this Agreement shall act as a release of claims or rights based on events occurring after the Effective Date of this Agreement.

10. <u>No Future Employment</u>.  After the Effective Date of this Agreement, Mende shall not apply for, nor accept, employment with any of the Released Parties.

11. <u>No Assignment of Claims</u>.  Plaintiffs each have: (a) the sole right, title, and interest to the claims and rights released and waived under this Agreement; (b) not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or right released or waived pursuant to this Agreement; and (c) not assigned or transferred, nor purported to assign or transfer, to any person or entity, the right to the monies, in whole or in part, being paid pursuant to this Agreement.

12. <u>Miscellaneous</u>.

12.1 <u>Attorney Fees</u>.  Except as specifically set forth in <u>Section 1</u>, the parties shall bear their own attorneys' fees and costs.

12.2 <u>Breach</u>.  In the event an action is instituted to enforce this Agreement, the prevailing party shall be entitled to its/his/her attorneys' fees and costs incurred in connection with such enforcement, including any incurred on appeal.

12.3 <u>Severability</u>.  Whenever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be invalid, illegal, or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality, or unenforceability will not affect any other provision or any other jurisdiction, but this Agreement will be reformed, construed, and enforced in such jurisdiction as if such invalid, illegal, or unenforceable provision had never been contained in this Agreement.

12.4 <u>Complete Agreement</u>.  This Agreement embodies the complete agreement and understanding among the parties concerning the subject matter contained in this Agreement and supersedes and preempts any prior understandings, agreements or representations by or among the parties, written or oral, which may have related to the subject matter of this Agreement in any way.  None of the parties is relying on any written or oral representation, warranty, or promise not expressly set forth by this Agreement.

12.5 <u>Counterparts</u>.  This Agreement may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute one and the same agreement.  Electronic delivery of counter-parts by PDF shall also be deemed effective delivery of signatures hereto.

12.6 <u>Successors and Assigns</u>.  Except as otherwise provided by this Agreement, this Agreement shall bind and inure to the benefit of and be enforceable by Plaintiffs and Defendants, and their respective successors, heirs, estates, and assigns; provided that rights and obligations of Plaintiffs under this Agreement shall not be assigned without the Defendants' prior written consent.

12.7 <u>Governing Law; Venue; Waiver of Jury Trial</u>.  All questions concerning the construction, validity and interpretation of this Agreement and the exhibits to this Agreement will be governed by and construed in accordance with the domestic laws of the State of Ohio, without

giving effect to any choice of law or conflict of law provision or rule (whether of the State of Ohio or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Ohio.  Any lawsuit arising out of or in any way related to this Agreement shall be brought only in the United States District Court for the Southern District of Ohio.  AS A SPECIFICALLY BARGAINED INDUCEMENT FOR EACH OF THE PARTIES TO ENTER INTO THIS AGREEMENT (EACH PARTY HAVING HAD OPPORTUNITY TO CONSULT COUNSEL), EACH PARTY EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY PROCEEDING RELATING TO OR ARISING IN ANY WAY FROM THIS AGREEMENT.

12.8   Amendment and Waiver.  The provisions of this Agreement may be amended and waived only with the prior written consent of the Defendants and Plaintiffs.

12.9   No Strict Construction.  The language used in this Agreement shall be deemed to be the language chosen by the parties to express their mutual intent and no rule of strict construction shall be applied against either party.

12.10  Headings.  The section headings in this Agreement are inserted merely for the convenience of reference only and shall not be used to construe, affect, or modify the terms of any provision of this Agreement.

12.11  Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

PLAINTIFFS EACH FREELY, KNOWINGLY AND VOLUNTARILY ENTER INTO THIS AGREEMENT WITHOUT ANY DURESS OR COERCION.  PLAINTIFFS HAVE CONSULTED IN DETAIL WITH COUNSEL OF THEIR CHOICE AND HAVE BEEN GIVEN AN AMPLE AND LENGTHY OPPORTUNITY TO DO SO. PLAINTIFFS HAVE CAREFULLY AND COMPLETELY READ ALL OF THE TERMS AND PROVISIONS OF THIS AGREEMENT.

Dated: _____ __, 2020    _____
                             JACKSON MENDE

Dated: _____ __, 2020    _____
                             KELLIE CRAIG (if opted-in)

Dated: _____ __, 2020    _____
                             ANTHONY EDGECOMBE (if opted-in)

Dated: _____ __, 2020    _____
                             MICHAEL ERICKSON (if opted-in)

                             _____

| | |
|---|---|
| Dated: _____ __, 2020 | LEANNE JOLLIFF (if opted-in) |
| | _____ |
| Dated: _____ __, 2020 | STORM ORLANDER (if opted-in) |
| | _____ |
| Dated: _____ __, 2020 | JAMAL THORNTON (if opted-in) |
| | _____ |
| Dated: _____ __, 2020 | ELLERD WILLIAMS (if opted-in) |
| | |
| | WILDCAT INVESTMENTS, LLC |
| | By:_____ |
| Dated: _____ __, 2020 | Its:_____ |
| | WILDCAT INVESTMENTS OF CENTRAL OHIO, LLC |
| | By:_____ |
| Dated: _____ __, 2020 | Its:_____ |
| | WILDCAT INVESTMENTS OF CINCINNATI, LLC |
| | By:_____ |
| Dated: _____ __, 2020 | Its:_____ |

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JACKSON MENDE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILDCAT INVESTMENTS, LLC, et al.,<br><br>Defendants. | Case No. 2:17-cv-286<br><br>Judge Michael Watson<br><br>Magistrate Kimberly A. Jolson |

## CONSENT JUDGMENT AGAINST DEFENDANTS

Plaintiffs and Defendants Wildcat Investments, LLC, Wildcat Investments of Cincinnati, LLC, and Wildcat Investments of Central Ohio, LLC (collectively, "**Defendants**") having stipulated to the relief set forth herein, and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that a judgment is entered in favor of Plaintiffs and against Defendants in the amount of **$39,000**, less any amounts that Defendants have paid to Plaintiffs under the terms of the parties' Settlement Agreement as of the date of this Consent Judgment.

This judgment may be satisfied pursuant to the terms of the Settlement Agreement between the parties for any portion of the judgment/Settlement Amount remaining unpaid under the terms of the Settlement Agreement as of the date of entry of this Consent Judgment.

_____
U.S. DISTRICT COURT JUDGE

**THE UNDERSIGNED HEREBY STIPULATE TO THE
ENTRY OF THE FOREGOING CONSENT JUDGMENT:**

/s/Christopher Kazanowski\*
Honigman LLP
660 Woodward Avenue
Suite 2290
Detroit, MI 48226
P. 313-465-7332
F. 313-465-7333
E. ckazanowski@honigman.com

/s/Drew Legando
Merriman Legando Williams & Klang, LLC
1360 West 9th Street
Suite 200
Cleveland, OH 44113
P. 216-522-9000
F. 216-522-9007
E. drew@merrimanlegal.com

\*Counsel's assent to this Consent Judgment is conditioned upon all requirements of Section 1.6 of the parties' Settlement Agreement being satisfied to warrant entry.