**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Jackson Mende,**

        **Plaintiff,**                **Case No. 2:17-cv-286**

  **v***.*

                                  **Judge Michael H. Watson**

**Wildcat Investments, LLC,**

                                  **Magistrate Judge Jolson**

        **Defendant.**

**OPINION AND ORDER**

On April 3, 2020, Plaintiff Jackson Mende filed an unopposed motion for settlement approval of the claims asserted in this Fair Labor Standard Act ("FLSA") case on behalf of himself and a proposed collective of similarly situated Assistant Managers ("AM") who worked for Defendant Wildcat Investments, LLC.  ECF No. 35.  On April 14, 2020, Plaintiff filed an amended Settlement Agreement.[1]  ECF No. 36. For the following reasons, the Court **GRANTS** Plaintiff's motion as it relates to the Amended Settlement Agreement, ECF No. 36.  The Court **STRIKES AS MOOT** the Settlement Agreement filed as ECF No. 35-1.

     "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of . . . a district court."  *Gentrup v. Renovo Servs., LLC,* No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute.  *Vigna v. Emery*

---

[1] At the request of the Court, Plaintiff filed a revised Settlement Agreement that adds Section 1.7.  That Section states, "Plaintiff's Counsel will not be deemed to have earned their fee until the last installment payment is made."  Settlement Agreement § 1.7, ECF No. 36.

*Ged. Credit Union,* No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.,* No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015). "The court may choose to consider only factors that are relevant to the settlement at hand and may weight particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed attorneys' fees and costs. *Vigna,* 2016 WL 7034237, at *4.

After a careful review of the amended Settlement Agreement, ECF No. 36, the Court finds that it resolves a bona fide legal dispute between the parties. The parties dispute whether Plaintiff and other AMs were misclassified as exempt from the FLSA's overtime requirements, whether this case should proceed as a collective action at trial, whether the statute of limitations should be tolled, whether the statute of limitations should be extended to three years, and whether any damages should be liquidated.

The Court also finds that the amended Settlement Agreement is a fair, reasonable, and adequate resolution of the dispute. The total settlement amount is 1.5 times greater than the maximum value of the unpaid overtime damages as calculated by the parties based on payroll data. There is no evidence the amended Settlement Agreement is the result of anything other than arms-length negotiations involving experienced counsel for both parties. Prior to reaching an agreement, counsel had access to sufficient discovery, including the deposition of Mende in related litigation and the exchange of payroll data regarding the collective, to adequately assess the value and risks involved in continued litigation. Finally, the

proposed attorneys' fees and costs, to be distributed from the total settlement amount recovered by Plaintiff's counsel, are fair and reasonable, are much less than the lodestar incurred, and constitute an appropriate percentage of the fund recovered.  The Court also finds the modest expenses incurred by counsel to be appropriate and reimbursable.

Accordingly, the Court **DISMISSES** the Rule 23 class claims from Plaintiff's Complaint, ECF No. 1.

The Court **GRANTS** Plaintiff's unopposed motion (as it relates to the amended Settlement Agreement), including its request for attorneys' fees and costs, to settle the FLSA claims of any opt-in plaintiffs.  The total settlement amount, manner of providing notice, claims procedure, and distribution procedure and terms, all as reflected in the parties' amended Settlement Agreement, ECF No. 36, is **APPROVED**.  Plaintiff shall notify the Court regarding how many people opt-in to the collective and again when Defendant makes its final installment payment.

The Court **DISMISSES** this case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the amended Settlement Agreement.

The Clerk is **DIRECTED** to remove ECF No. 36 from the Court's pending motions list.  The Clerk is **DIRECTED** to strike from the record ECF No. 35-1.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**